1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**
9          **CENTRAL DISTRICT OF CALIFORNIA**
10                  **WESTERN DIVISION**
11
12   BRANDON TROY CONTRERAS,                No. 2:23-cv-02535-MEMF-BFM
13                  Petitioner,             **ORDER TO SHOW CAUSE**
14         v.                               **WHY HABEAS PETITION**
                                            **SHOULD NOT BE DISMISSED**
15   SANTA BARBARA BAR                      **WITHOUT PREJUDICE**
     ASSOCIATION.
16              Respondent.
17
18                   **SUMMARY OF ORDER**
19         This is a federal habeas petition challenging a state conviction. Liberally
20   construed, Petitioner Brandon Troy Contreras complains about the
21   representation he received from two attorneys during the course of two criminal
22   cases. But before a petitioner can file a federal habeas petition in federal court,
23   he must present his claims to the state courts—a process called "exhaustion."
24   From what Petitioner has provided and from publicly available dockets, it
25   appears Petitioner has not exhausted his claims. The Court therefore orders Mr.
26   Contreras to explain whether he has presented his claims to the state court, and
27   if not, he must tell the Court why his case should not be dismissed. **If Mr.**
28   **Contreras fails to timely respond to this order, the Court will**

**recommend that his Petition be dismissed without prejudice.**

## FACTUAL BACKGROUND

**A.    Procedural History in the California Courts**

The history of Brandon Contreras's cases is set out in a recent California Court of Appeal decision:

> In October 2018, C.Z. woke up and saw Brandon Troy Contreras carrying property from her home. Sheriff's deputies apprehended Contreras later that day. He still had C.Z.'s property. He was in a stolen car.
>
> Prosecutors charged Contreras with first degree residential burglary (Pen. Code,1 §§ 459, 460, subd. (a)), receiving stolen property (§ 496, subd. (a)), and unlawfully driving or taking a vehicle (Veh. Code, § 10851, subd. (a)). They also alleged that a person was present when Contreras committed burglary (§ 667.5, subd. (c)(21)). Contreras pleaded no contest to the burglary in exchange for the dismissal of the other two charges and the hot prowl allegation. The trial court suspended imposition of sentence, and placed him on three years of formal probation.
>
> In December 2019, Contreras stole items from a grocery store. When confronted by the store's owner, Contreras returned the stolen goods. He also threw a rock at the owner.
>
> Prosecutors charged Contreras with assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)) and misdemeanor shoplifting (§ 459.5, subd. (a)). They also alleged that he had suffered a prior strike (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and prior serious felony conviction (§ 667, subd. (a)(1)). Contreras pleaded guilty to the two charges, and admitted the

1  allegations. The trial court continued sentencing and released him
2  to a residential treatment program.

3  Contreras violated his probation terms and went through
4  several competency proceedings over the next few years. When his
5  competency was restored, the trial court revoked probation and
6  sentenced him to four years in state prison on his 2018 burglary
7  conviction and a consecutive two years on his 2019 assault. It
8  dismissed his shoplifting conviction, struck the prior strike and
9  prior serious felony enhancements, and suspended all fines and
10 fees. Contreras's sentences were deemed served, and he was
11 released on parole.

12 *People v. Contreras*, Case No. B322199, 2023 WL 1789517, at *1 (Cal. Ct. App.
13 Feb. 7, 2023). Mr. Contreras filed a notice of appeal that covered both the
14 burglary case and the assault.

15 On appeal, Mr. Contreras's counsel filed a *Wende* brief.[1] The Court of
16 Appeal affirmed his convictions. *Id.* From a search of the dockets of the
17 California Supreme Court, it does not appear that Mr. Contreras filed a petition
18 for review of the appellate court's decision, or that he filed any state habeas
19 petition.

20 **B.    Claims in Federal Habeas Petition**

21 On April 3, 2023, this Court received Mr. Contreras's petition. (ECF 1
22 ("Petition").) It was constructively filed on March 29, 2023, the date Petitioner
23 signed it. *See Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010) ("When

24 _____

25  [1] A *Wende* brief is one in which appellate counsel for a criminal defendant
tells the state appellate court that she has been unable to find any arguable
26 appellate issues. Once a *Wende* brief is filed, the state appellate court is required
to conduct an independent review of the entire appellate record to decide if there
27 are any arguable issues which should be raised on appellant's behalf. *People v.
Wende*, 600 P.2d 1071, 1075 (Cal. 1979).
28

3

a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed."). Construed liberally, the Petition raises two claims relating to two different phrases of his underlying cases.

### 1.    Claim One: Contreras's burglary case

Mr. Contreras explains that he was represented in his burglary case by court-appointed counsel Michael Anthony Carty. Contreras claims that Carty's representation was inadequate in that he manipulated Petitioner into entering a plea to a charge that was a "strike" under California law and deprived him of a chance to pursue mental health diversion under California Penal Code section 1368. (Pet. at 3.) This manipulation was accomplished, he claims, through "misrepresentation and unconstitutional conduct." (Pet. at 3.)

### 2.    Claim Two: Contreras's assault case

Mr. Contreras claims that his court-appointed counsel in his assault case manipulated Petitioner into a "legally unsound sentencing and conviction." More specifically, Contreras explains that in December 2019, he was offered release into a program for psychiatric treatment in the community. In February 2020, he left the country using false documents, and then was returned to Santa Barbara County. Once back, he went through two rounds of competency proceedings in front of Judge Michael Carrozzo. He was found incompetent, despite two different mental health assessors finding him competent. Mr. Contreras claims he made several attempts to fire his counsel, without success. He complains that his counsel, Sanford Horowitz, did not present evidence or investigate his claims of "judicial inadequacy and fraudulenc[e] of plea agreement." (Pet. at 4.)

### 3.    Facts about exhaustion

Mr. Contreras's Petition indicates that he did not challenge his convictions in the California Court of Appeal, though, as noted above, a *Wende*

brief was filed on his behalf. (Pet. at 5.) Petitioner claims that he sought review in the California Supreme Court, but does not provide a case number. (Pet. at 5) As noted, a search of the docket of the California Supreme Court does not show any filings by Mr. Contreras. In terms of other filings, Mr. Contreras notes his federal civil rights complaint pending in this Court, but does not report other filings in the state court. (Pet. at 6.)

## ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. Based upon the Petition and the California state court records available to the Court, and for the reasons discussed below, the Court orders Petitioner to show cause why the Petition should not be dismissed for failure to exhaust.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To satisfy the exhaustion requirement, a habeas petitioner must "give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citation and quotation marks omitted). For a petitioner in California state custody, this generally means that the petitioner must have fairly presented his federal claims to the California Supreme Court. *See O'Sullivan*, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); *see also Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (applying *O'Sullivan* to California). A claim has been fairly presented if the petitioner presents "both the operative facts and the federal legal theory on which his claim is based." *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citation and quotation marks

1   omitted); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). The Court may raise
2   a petitioner's failure to exhaust sua sponte—that is, even without the opposing
3   party raising it—and may summarily dismiss a petition without prejudice for
4   failure to exhaust. *See Stone v. San Francisco*, 968 F.2d 850, 855-56 (9th Cir.
5   1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

6          Here, it does not appear that Mr. Contreras has presented his claims
7   about his counsels' deficient representation to the California Supreme Court (or
8   anywhere else). Because his claims appear to be wholly unexhausted, the
9   Petition appears to be subject to summary dismissal without prejudice. *See* 28
10   U.S.C. § 2254(b)(1)(A).

11          Before the Court recommends dismissal of the action, the Court will give
12   Petitioner an opportunity to respond. Petitioner is **ORDERED** to show cause
13   why the Court should not recommend dismissal of the Petition for failure to
14   exhaust his claims in state court. Petitioner shall respond to this Order to Show
15   Cause in writing **no later than July 7, 2023**. Petitioner may discharge the
16   Order to Show Cause by filing one of the following two documents:

17          (1)   **Notice of Dismissal**. Petitioner may file a notice of dismissal of his
18                Petition. The Clerk is directed to attach Form CV-09 (Notice of
19                Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))
20                to this Order to Show Cause. Such a dismissal would be without
21                prejudice to Mr. Contreras refiling his claims once they are
22                exhausted in the state court. The Court warns Petitioner that any
23                dismissed claims may be later subject to the federal statute of
24                limitations for habeas claims: "[a] 1-year period of limitation shall
25                apply to an application for a writ of habeas corpus by a person in
26                custody pursuant to the judgment of a State court." 28 U.S.C. §
27                2244(d)(1).

28

6

(2)      **Response to Order to Show Cause.** If Petitioner believes he did sufficiently exhaust his state court remedies, he may explain this in a written response to this Order to Show Cause. Petitioner should attach to his response copies of any documents establishing that the claims are exhausted, including a complete copy of his petition in the California Supreme Court and any decision by the California Supreme Court.

**Petitioner's failure to file a timely response addressing the Court's exhaustion concerns will result in the Court recommending that his case be dismissed for failure to exhaust claims in state court pursuant to 28 U.S.C. § 2254(b)(1)(A) and/or for failure to prosecute and to follow court orders**.

If Petitioner decides to move forward with his Petition, he will have to name a different respondent. The Santa Barbara Bar Association may be the entity that assigned him the attorney he now complains of, but it is not the entity that has control over his "custody" at this point. The failure to name a proper respondent requires dismissal for lack of jurisdiction, *Stanley v. Cal. Sup. Ct.*, 21 F.3d 359, 360 (9th Cir. 1994), but this is a fixable problem. The California Court of Appeal decision suggests that Mr. Contreras is on state parole, or at least that he was on parole as of a few months ago. For a person on state parole, the proper respondent is the petitioner's probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Rules Governing Section 2254, advisory committee notes to Rule 2; *see also Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996). If Petitioner decides not to dismiss his Petition, he should include   in   his   filing   a   motion   to   amend   the   Petition   to   name

1   a proper respondent and tell the Court who the proper respondent or

2   respondents are.

3

4   DATED: June 2, 2023

5

6                               BRIANNA FULLER MIRCHEFF

7                           UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28